UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY DEANGELIS,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | Case No. 3:16cv430(MPS) |
| CAPTAIN MORRIS, ET AL.,<br>    Defendants. | :<br>:<br>: | |

## INITIAL REVIEW ORDER

The plaintiff, Jeffrey DeAngelis, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a complaint naming Commissioner Semple, Warden Falcone, Captain Morris, Lieutenants Mitchell, Hurdle and Leece, Correctional Officers Durkin, Gordilis, John Doe 1 and John Doe 2 and Nurse Cruz as defendants. The complaint's caption states that all defendants are sued in their individual capacities, except Semple, Falcone, and Morris, who are sued in their individual and official capacities. For the reasons set forth below, the complaint is dismissed to the extent it seeks damages against the three defendants sued in their official capacities.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff claims that on October 1, 2013, at Garner Correctional Institution ("Garner"), Captain Morris accused him of being intoxicated.  Captain Morris then ordered Officers Durkin, Gordilis, and John Doe 1 to escort the plaintiff to a cell in the restrictive housing unit.  Captain Morris and Officers Durkin, Gordilis, John Doe 1, and John Doe 2 participated in a controlled strip search of the plaintiff.  The plaintiff alleges that Garner's strip search practices do not comply with Department of Correction Administrative Directives and subjected him to sexual humiliation and an unnecessary use of force.  In addition, during the strip search, the defendants slammed the plaintiff's head into the concrete floor, elbowed him in the neck, put their full weight on his back, and forcefully removed all of his clothes.

After the strip search, Captain Morris issued an order directing Officers Durkin, Gordilis, John Doe 1, and John Doe 2 to apply in-cell restraints to the plaintiff.  The restraints were applied in such a way that the plaintiff could not use the toilet and was forced to urinate and defecate on himself.  Later that day, Lieutenants Mitchell, Hurdle, and Leece entered the

2

plaintiff's cell and refused to adjust the restraints to permit the plaintiff to use the toilet. In addition, the plaintiff informed Captain Morris and Lieutenants Mitchell, Hurdle, and Leece that his wrist restraints were too tight and that he was losing sensation in his hand and fingers. These defendants refused to adjust the wrist restraints. A doctor subsequently diagnosed the plaintiff as suffering from ulnar compression syndrome in his right wrist. Captain Morris released the plaintiff from in-cell restraints on October 2, 2013.

The plaintiff filed two grievances with Warden Falcone informing him of the actions of defendants during the search and his confinement on in-cell restraints. The plaintiff alleges that Warden Falcone failed to train and supervise the other defendants properly and he failed to take action to remedy the unconstitutional conduct of the other defendants or the deficiencies in correctional policy regarding strip search procedures. The plaintiff also wrote to Commissioner Semple regarding the strip search policies and procedures.

Nurse Cruz failed to perform a proper restraint check during the plaintiff's confinement on in-cell restraints. He refused to adjust the restraints to relieve the pressure on the plaintiff's wrists and to permit the plaintiff to use the toilet. He failed to inform custody officials that the plaintiff had defecated and urinated on himself.

For relief, the plaintiff seeks monetary damages as well as injunctive relief. To the extent the plaintiff seeks damages against defendants Semple, Morris, and Falcone in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the plaintiff has stated plausible Eighth Amendment claims of

deliberate indifference to his health and safety, the use of excessive force, and deliberate indifference to medical needs as well as a plausible Fourth Amendment privacy claim with regard to the strip search performed on him by the defendants.  These claims will proceed against all defendants in their individual capacities and against defendants Semple, Falcone, and Morris in their official capacities to the extent that the plaintiff seeks injunctive relief.

## ORDERS

The Court enters the following orders:

(1)  The claims in the Complaint [**Doc. No. 1**] against the defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Eighth Amendment claims of deliberate indifference to the plaintiff's health and safety, the use of excessive force against the plaintiff and deliberate indifference to the plaintiff's medical needs, and the Fourth Amendment privacy claim as asserted in Complaint [**Doc. No. 1**] will proceed against the defendants in their individual capacities and against defendants Semple, Morris and Falcone in their official capacities to the extent that the plaintiff seeks injunctive relief.

(2)  **Within twenty-one (21) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendants Semple, Falcone and Morris in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)  **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Commissioner Scott Semple, Warden Henry Falcone, Captain Lance Morris, Lieutenant Mitchell, Lieutenant

Hurdle, Lieutenant Leece, Correctional Officer Durkin and Correctional Officer Gordilis and Nurse Jason Cruz and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

(7)     **The Clerk is unable to serve the Doe defendants in their individual capacities until the plaintiff identifies them by first and last name. Accordingly, the plaintiff is directed to determine the names of the Doe defendants and file a notice with the Court indicating the name of each Doe defendant. The notice shall be filed within 60 days of the date of this order.**

SO ORDERED at Hartford, Connecticut this 18th day of August, 2016.

                                                   /s/
                                             Michael P. Shea
                                           United States District Judge